FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

98 NOV 19 PM 3: 32

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| BETTY PAYNE, | } | |
| Plaintiff | } | |
| | } | CIVIL ACTION NO. |
| vs. | } | |
| | } | 98-AR-2663-J |
| WAL-MART STORES, INC., | } | |
| Defendant | } | |

ENTERED
NOV 19 1998

## MEMORANDUM OPINION

Presently before the court is the *sua sponte* consideration of subject matter jurisdiction occasioned by a notice of removal filed on October 20, 1998 by Wal-Mart Stores, Inc. ("Wal-Mart"), defendant in the above-entitled action. For the reasons stated herein, this court exercises jurisdiction over the claim by plaintiff, Betty Payne ("Payne"), for violation of the Age Discrimination in Employment Act ("ADEA"). The worker's compensation aspect of the action is due to be remanded.

On March 13, 1998, Payne filed a complaint in the Circuit Court of Walker County, alleging that Wal-Mart terminated her employment in retaliation for her having sought worker's compensation benefits. On October 20, Wal-Mart removed the above entitled action to this court. As grounds for removal, Wal-Mart averred that plaintiff had recently amended her complaint to include a claim for violation of the ADEA, thereby creating a federal question.

The court acknowledges the anomaly that inheres in the

divergent opinions of judges of this court with respect to the removability of this case as of the date the original complaint was filed. Judge Propst and others on this court believe that a claim of retaliation for filing a worker's compensation claim is removable. A judge subscribing to this view would have found that this case was removable *ab initio* on the basis of diversity of the citizenship of the parties, and thus that this notice of removal came too late. Others on this court, including the undersigned, believe that this removal of a retaliation claim is precluded by 28 U.S.C. § 1445(c). It is unfair in the extreme to call upon state court defendants under circumstances like these to predict which judge a removal case will be assigned to.

During a status conference held on November 18, 1998, the problem was aptly summarized by defense counsel in presenting the following hypothetical. Plaintiff files a claim for worker's compensation retaliation in state court. Defendant files a timely notice of removal on the basis of diversity. If the case is assigned to this judge, it would be remanded in accordance with this judge's view that such a claim is just another worker's compensation claim. After thirty days pass since the filing of the initial complaint, plaintiff amends her pleading to include a claim that clearly creates a federal question. Defendant files another notice of removal. This time, the case is assigned to a judge who subscribes to the view that worker's compensation retaliation claims are removable. In that judge's view, the case should have been removed thirty days after the filing of the initial complaint, not the amended complaint. Defendant in this situation could be in

jeopardy of losing the option to litigate in a federal forum.

Consistent with this judge's prior rulings, insofar as the action states a cause of action for retaliatory discharge for seeking worker's compensation benefits, the matter is due to be remanded. Notwithstanding the disagreement that exists within this very court, this judge is of the opinion that a worker's compensation retaliation claim is an action "arising under the worker's compensation laws" of Alabama and is therefore not removable under 28 U.S.C. § 1445(c).

While the instant order remanding Payne's worker's compensation retaliation claim is not appealable, it is the hope of this judge that the Eleventh Circuit will somehow address the problem created by the disagreement on this court, and will be persuaded to decide the nature of a worker's compensation retaliation claim.

An order consistent with this opinion will be separately entered.

DONE this 19 day of November, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE